Case 2:24-cv-00015   Document 9   Filed on 05/10/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID LONGMAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00015 |
| | § | |
| UNKNOWN DEFENDANTS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

David Longman ("Plaintiff"), a Texas inmate confined at the Texas Department of Criminal Institutions Division's McConnell Unit in Beeville, Texas, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 2, 3.) This case has been referred to the undersigned for pretrial management and recommendations on dispositive matters, pursuant to 28 U.S.C. § 636.

Plaintiff has styled this action as a motion for a preliminary injunction and temporary restraining order against McConnell Unit Assistant Warden P. Samaniego and Sergeant Roberts from "performing adverse actions" against him, including conducting drug tests and unspecified retaliatory-like actions. (Doc. No. 1, pp. 2-3; *see also* Doc. No. 2.)

The Court issued a Notice of Deficient Pleading on January 18, 2024, notifying Plaintiff that he must provide the complete names of all defendants, or as much of the names as are known, as well as any identifying information (such as gender, race, approximate age) and a complete address for each. (Doc. No. 6.) The Clerk also directed Plaintiff to either submit the filing fee of $402.00 or submit a fully completed motion to proceed *in forma pauperis* along with a certified copy of the trust fund account statement (or institutional equivalent for the six-month

period preceding the filing of the complaint. *Id*. The Notice included a blank Prisoner's Civil Rights Complaint form (Doc. No. 6-1) and a blank Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 6-2). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading within 30 days may result in his case being dismissed for want of prosecution. (Doc. No. 6.)

On February 14, 2024, the Clerk issued a "re-notice" because the January 18 Notice of Deficient Pleading was inadvertently not mailed. (Minute Entry dated Feb. 14, 2024.) The Court subsequently ordered Plaintiff to file his compliance with the Clerk's instructions by April 1, 2024, and reiterated a warning that failure to timely comply may result in the Court's dismissal of Plaintiff's case for want of prosecution. (Doc. No. 7.) Plaintiff did not respond.

On April 11, 2024, the Court issued a show-cause order, directing Plaintiff to submit the requested information by May 3, 2024, and warned Plaintiff that failure to comply would result in dismissal of his case. (Doc. No. 8.) Plaintiff has not responded to this order either.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). To date, Plaintiff has not satisfied the requirements to pursue his 42 U.S.C. § 1983 case. The Court has thrice advised Plaintiff, through a Notice of Deficient Pleading, the order for compliance, and the show-cause order, that this action would be dismissed if he failed to comply with these court orders. (Doc. Nos. 6, 7, 8.) Plaintiff has repeatedly failed to follow court orders by either paying the filing fee or submitting the required information in support of an application to proceed *in forma pauperis*. Plaintiff received multiple warnings that this failure

may result in the dismissal of this action. For these reasons, the undersigned finds that the dismissal of this case is appropriate.

Accordingly, the undersigned recommends that Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. No. 1) be **DENIED** and that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

SIGNED on May 10, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge